**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PEPSICO, INC.; BOTTLING GROUP, LLC, DBA THE PEPSI BOTTLING GROUP; NEW BERN TRANSPORT CORPORATION; and Does 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRANDON JOSEPH

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange - Central Justice Center<br><br>700 W. Civic Center Dr., Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2023-01316846-CU-WT-CJC<br><br>Judge David A. Hoffer |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Jaurigue (SBN 208123); Jaurigue Law Group; 300 W. Glenoaks Blvd. Suite 300, Glendale, CA 91202; (818) 630-7280

| DATE:<br>*(Fecha)* | 03/30/2023 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | K. Climer | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PEPSICO, INC.
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|   |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PEPSICO, INC.; BOTTLING GROUP, LLC, DBA THE PEPSI BOTTLING GROUP; NEW BERN
TRANSPORT CORPORATION; and Does 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRANDON JOSEPH

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange - Central Justice Center<br><br>700 W. Civic Center Dr., Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2023-01316846-CU-WT-CJC<br><br>Judge David A. Hoffer |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Jarigue (SBN 208123); Jaurigue Law Group; 300 W. Glenoaks Blvd. Suite 300, Glendale, CA 91202; (818) 630-7280

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | 03/30/2023   DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

K. Climer

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):*  BOTTLING GROUP, LLC, DBA THE PEPSI BOTTLING GROUP

under: [  ] CCP 416.10 (corporation)          [  ] CCP 416.60 (minor)
[  ] CCP 416.20 (defunct corporation)          [  ] CCP 416.70 (conservatee)
[  ] CCP 416.40 (association or partnership)          [  ] CCP 416.90 (authorized person)
[X] other *(specify):*  Limited Liability Company
4. [  ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><i>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</i></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PEPSICO, INC.; BOTTLING GROUP, LLC, DBA THE PEPSI BOTTLING GROUP; NEW BERN
TRANSPORT CORPORATION; and Does 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRANDON JOSEPH

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange - Central Justice Center<br><br>700 W. Civic Center Dr., Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2023-01316846-CU-WT-CJC<br><br>Judge David A. Hoffer |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael J. Jaurigue (SBN 208123); Jaurigue Law Group; 300 W. Glenoaks Blvd. Suite 300, Glendale, CA 91202; (818) 630-7280

| DATE:<br>*(Fecha)* 03/30/2023 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* K. Climer | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  NEW BERN TRANSPORT CORPORATION

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

**EXHIBIT A**

1   Michael J. Jaurigue (SBN 208123)
    S. Sean Shahabi (SBN 204710)
2   **JAURIGUE LAW GROUP**
    300 West Glenoaks Boulevard, Suite 300
3   Glendale, California 91202
    Telephone: 818.630.7280
4   Facsimile: 888.879.1697
    service@jlglawyers.com
5   michael@jlglawyers.com
    sean@jlglawyers.com
6
7   *Attorneys for Plaintiff*
    Brandon Joseph
8
9           **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
10                          **ORANGE COUNTY**
11
12  BRANDON JOSEPH,                          Case No.  30-2023-01316846-CU-WT-CJC
13          Plaintiff,                       **COMPLAINT**
14      v.
                                             1. Race Discrimination in Violation of Cal. Gov.
15  PEPSICO, INC.; BOTTLING GROUP, LLC,         Code § 12900 *et seq.* ("FEHA")
    DBA THE PEPSI BOTTLING GROUP; NEW       2. Disability Discrimination in Violation of
16  BERN TRANSPORT CORPORATION; and             FEHA
    Does 1 through 50, inclusive,
17                                           3. Retaliation in Violation of FEHA
            Defendants.
18                                           4. Retaliation for Reporting Illegal Violation,
                                                Cal. Lab. Code § 1102.5
19
                                             5. Failure to Prevent Discrimination and/or
20                                              Retaliation in Violation of FEHA
21                                           6. Wrongful Termination in Violation of Public
                                                Policy
22
                                             **DEMAND FOR JURY TRIAL**
23
                                             **Assigned for All Purposes**
24
                                             Judge David A. Hoffer
25
26
27
28

                                1           **EXHIBIT A**
                              COMPLAINT

1.     Plaintiff Brandon Joseph (hereinafter, referred to as "Plaintiff"), individually, brings this action against Defendants PEPSICO, INC.; BOTTLING GROUP, LLC, DBA THE PEPSI BOTTLING GROUP; and NEW BERN TRANSPORT CORPORATION, and Does 1 through 50, inclusive (hereinafter, referred to collectively as "Defendants") as follows:

### PARTIES

2.     Defendants employed Plaintiff and permitted Plaintiff to work and exercised control over Plaintiff's wages, hours, and working conditions.

3.     Plaintiff is, and at all times relevant to this action was, a resident of Los Angeles County, California.

4.     Plaintiff is informed and believes, and based thereon alleges, that Defendant PEPSICO, INC., is a corporation organized under the laws of the State of California.

5.     Defendant PEPSICO, INC. at all times relevant herein, was and is conducting business in the State of California at 6261 Caballero Blvd, Buena Park, CA 90620.

6.     Plaintiff is informed and believes, and based thereon alleges, that Defendant BOTTLING GROUP, LLC, DBA THE PEPSI BOTTLING GROUP is a limited liability company organized under the laws of the State of California.

7.     Defendant BOTTLING GROUP, LLC, DBA THE PEPSI BOTTLING GROUP at all times relevant herein, was and is conducting business in the state of California at 6261 Caballero Blvd, Buena Park, CA 90620.

8.     Plaintiff is informed and believes, and based thereon alleges, that Defendant NEW BERN TRANSPORT CORPORATION is a corporation organized under the laws of the State of California.

9.     Defendant NEW BERN TRANSPORT CORPORATION at all times relevant herein, was and is conducting business in the state of California at 6261 Caballero Blvd, Buena Park, CA 90620.

10.    At all times relevant herein, Plaintiff was employed by Defendants in the County of Orange, CA at 6261 Caballero Blvd, Buena Park, CA 90620.

11.    Plaintiff does not know the true names of Defendants Does 1 through 50, inclusive, and therefore sues them by those fictitious names.  The names, capacities, and relationships of Defendants Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known

1    to Plaintiff.

2         12.    Plaintiff is informed and believes and thereon alleges, that at all times mentioned in this

3    Complaint, each Defendant was acting as the agent, employee, partner, co-conspirator or joint venturer of

4    each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the

5    things herein alleged, and, at all times, was acting within the course and scope of such agency,

6    employment, partnership, joint venture, or concert of action.

7         13.    Plaintiff is informed and believes and thereon alleges that at all relevant times each of the

8    Defendants was the integrated enterprise, joint employer of Plaintiff and was engaged with some or all of

9    the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the

10   other Defendants so as to be liable for the conduct of them.  Plaintiff performed services for each and

11   every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control

12   of Plaintiff as employers, either directly or indirectly, and of the manner in which Defendants' business

13   was conducted.

14        14.    Plaintiff is further informed and believes and thereon alleges that all Defendants acted

15   pursuant to and within the scope of the relationships alleged above, that all Defendants knew or should

16   have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of

17   all other Defendants and that all Defendants acted pursuant to a conspiracy and agreement to do the things

18   alleged herein.

19        15.    Plaintiff makes the allegations in this complaint without any admission that, as to any

20   particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion, and Plaintiff reserves all

21   of Plaintiff's rights to plead in the alternative.

22                          ***JURISDICTION AND VENUE***

23        16.    The amount of damages sought herein is greater than $25,000.  Hence this case is within

24   the unlimited jurisdiction of this Court.

25        17.    Plaintiff at all times relevant herein was a resident of Los Angeles County California.

26        18.    This Court has jurisdiction over PEPSICO, INC.; BOTTLING GROUP, LLC, DBA THE

27   PEPSI BOTTLING GROUP; and NEW BERN TRANSPORT CORPORATION because at all times

28   relevant, they are and were authorized to transact, and are transacting business in Orange County,

                                     **EXHIBIT A**

1    California.

2         19.    Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts,

3    events, and omissions complained of herein occurred in Orange County, California.

4         20.    Plaintiff has exhausted all of the administrative requirements for proceeding with his

5    claims under the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12900, *et seq.* (the

6    "FEHA") by timely filing an administrative complaint against Defendants with the California Civil Rights

7    Department ("CRD") on or around March 30, 2023 and receiving a Notice of Case Closure/Right-to-Sue

8    Letter dated March 30, 2023. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's CRD

9    administrative complaint. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's CRD Notice

10   of Case Closure/Right-to-Sue letter.

11                                    *GENERAL ALLEGATIONS*

12        21.    Defendants hired Plaintiff in the position of Transport Truck Driver from on or about May

13   31, 2001 until on or about March 31, 2021, when Defendants terminated Plaintiff.

14        22.    Beginning January 2021, Plaintiff was the subject of a pervasive campaign of

15   discrimination by the newly hired Interim Supervisor Alana Ramos (hereinafter "Ramos"). Plaintiff was

16   only one of two African American employees working for the department, which was predominantly

17   Hispanic or Caucasian. Ramos targeted Plaintiff with meritless write ups and rude comments, as well as

18   threats regarding Plaintiff's job security.

19        23.    On or about January 7, 2021, Plaintiff reiterated his concerns about the unsanitary

20   conditions of the equipment that had been reported months ahead to Supervisor Jackie (last name

21   unknown, hereinafter "Jackie"). Alana's first contact with Plaintiff was aggressive because Alana

22   wanted Plaintiff out of the new truck, Plaintiff was assigned to drive the new truck by Jackie because of

23   the filth. Alana assumed Plaintiff took the new truck without permission, although Plaintiff had been in

24   it for months per Jackie's assignment. At this time, Jackie had left the department but did not share the

25   details of the position she turned over to Alana, otherwise there would have not been any disputes

26   regarding the truck assignments. Even during Covid-19, Defendants did not take any measures to clean,

27   sanitize, or provide any protective measures to the facility and trucks.

28        24.    On or about February 13, 2021, Plaintiff requested sick leave by calling the company's

1  sick line due to having a stress condition as well as diabetes, which the company knew about. Plaintiff

2  requested one day off, Plaintiff also sent Ramos a text message informing her of the same.

3       25.    Around six days later, on or about February 19, 2021, Plaintiff called Ramos by phone

4  about a discrepancy in his schedule, as he had previously requested days off from Jackie. Instead of

5  checking the schedule, Ramos became defensive. When he informed her that he would be coming into

6  work the following day after he spoke with his union representative Danny Alverson (hereinafter,

7  "Alverson"), Ramos went off on Plaintiff, repeatedly telling him, "I'm going to get you!" and "I'm gonna

8  get you watch!", Plaintiff immediately reported this exchange to Alverson and Pepsi Speak up line, but to

9  the best of Plaintiff's knowledge, no remedial action was taken. When Plaintiff showed up to work, Ramos

10 had another driver scheduled even though Plaintiff had notified Ramos he would be coming into work.

11 Ramos was attempting to create new rules that would override and/or ignore the Unions Rule.

12      26.    On or about February 23, 2021, Ramos called a meeting with Plaintiff and Alverson with

13 the intent of writing up Plaintiff for a "No call, no show," referring to the February 13, 2021, sick day that

14 Plaintiff had been approved for by the company. Ramos's attitude toward Plaintiff again became abrupt,

15 aggressive, sarcastic, and threatening when Plaintiff presented Ramos with the company procedures and

16 guidelines pertaining to requesting sick days off. Plaintiff attempted to show Ramos his call log records

17 to prove he had called the line to request sick time, Ramos tried to belittle Plaintiff by saying: "Say it out

18 loud! Repeat the number to me! When Plaintiff did, Ramos said "Well from now on you call me, if I don't

19 say it's ok then it's a no call, no show". Alverson told Ramos she was unable to do that because of the

20 Union rules, Ramos got visibly upset and said in a threatening tone and manner "Don't look at me!".

21      27.    After the February 23, 2021, meeting, Alverson advised Plaintiff to call the Speak Up line,

22 which is Defendant's phoneline for submitting workplace grievances. Plaintiff did so.

23      28.    The following month, on or about March 16, 2021, Defendants called Plaintiff into a Zoom

24 meeting, where Ramos, her supervisor Victoria (last name unknown) and Senior Human Resources

25 Manager Kari Brasselero, where they suspended Plaintiff for an alleged wage theft incident regarding a

26 late delivery on March 10, 2021, which was patently false. The same day, Plaintiff filed a grievance with

27 his union. Nevertheless, Plaintiff did not witness any corrective action to remedy his unjustified

28 suspension nor put a stop to Ramos's pervasive discrimination and retaliation.

**EXHIBIT A**

29.     Additionally, on or about March 31, 2021, Plaintiff sent a letter to Human Resources chronicling Ramos's persistent discriminatory and retaliatory conduct directed against him. Plaintiff submitted the letter to Human Resources because he had not heard back from anyone regarding the Speak Up report he made.

30.     The same day, on March 31, 2021, Plaintiff was contacted for a Zoom meeting and Defendants terminated him, providing the March 10, 2021, incident as their reason for terminating him. However, the March 10, 2021, incident was a pretextual reason, as Plaintiff was wrongfully terminated on the basis of his race, his disability, and in retaliation for his complaints of racial discrimination at the hands of Ramos.

## FIRST CAUSE OF ACTION

### Race Discrimination in Violation of FEHA

### (On Behalf of Plaintiff Against All Defendants)

31.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

32.     The FEHA makes it unlawful to for an employer to discriminate against an employee on the basis of the employee's race.

33.     At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA.

34.     Defendants employed Plaintiff.

35.     Plaintiff's protected status under the FEHA is Plaintiff's race, as Plaintiff is African American.

36.     Defendants knew, perceived, and/or believed that Plaintiff had the aforementioned protected status, described hereinabove.

37.     On or about March 31, 2021, Defendants terminated Plaintiff's employment.

38.     Plaintiff was discharged in violation of the FEHA by Defendants due to Plaintiff's race.

39.     Plaintiff's race was a substantial factor and motivating reason for Defendants' decision to terminate Plaintiff's employment.

40.     As a direct and proximate result of the aforementioned adverse employment actions by

**EXHIBIT A**

COMPLAINT

Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

41.     As a direct and proximate result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

42.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

43.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION

*Disability Discrimination in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

44.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

45.     Government Code section 12940(a) provides in relevant part:

> It is an unlawful employment practice. . . (a) [f]or an employer, because of the. . . physical disability, mental disability to discharge the person from employment. . . or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

46.     Defendants discriminated against Plaintiff based on Plaintiff's disability and history of disability.

47.     At all times relevant herein Defendants were employers who employed five (5) or more employees and were therefore bound by FEHA.

**EXHIBIT A**

48.     Defendants employed Plaintiff.

49.     Defendants knew that Plaintiff had a disability that limited a major life activity, as well as a history of disability that limited a major life activity.

50.     Plaintiff was able to perform the essential job duties of Plaintiff's position with reasonable accommodation for Plaintiff's disability.  Defendants refused to provide a reasonable accommodation to Plaintiff without engaging in a good faith interactive process.  Instead, Defendants terminated Plaintiff for failing to appear for work even though he needed to take sick days due to Plaintiff's disability.

51.     Defendants discharged Plaintiff in violation of the FEHA due to Plaintiff's disability.

52.     Plaintiff suffered harm when he was discriminated against and discharged by Defendants.

53.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

54.     As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

55.     As a direct and proximate result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

56.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

57.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim.  Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

**EXHIBIT A**
COMPLAINT

### *THIRD CAUSE OF ACTION*

*Retaliation in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

58.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

59.     Section 12940(h) of the FEHA prohibits an employer from discriminating against or retaliating against an employee for opposing any practice forbidden by the FEHA or because the person has made a complaint about conduct perceived to be a violation of the FEHA.

60.     Defendants are employers bound by FEHA.

61.     Defendants employed Plaintiff.

62.     During Plaintiff's employment with Defendants, Plaintiff was constantly being targeted and written up by acting supervisor Alana Ramos under false pretenses because Plaintiff is African-American.

63.     Defendants retaliated against Plaintiff because of Plaintiff's complaints of racial discrimination. On or about March 31, 2023, Defendants terminated Plaintiff's employment.

64.     Plaintiff is informed and believes and based thereon alleges that Plaintiff's complaints of race discrimination were motivating factors in Defendants' decision to terminate Plaintiff's employment in violation of FEHA.

65.     Plaintiff is informed and believes and based thereon alleges that the decision to terminate Plaintiff was made and/or ratified by Defendants' managing agents, officers and/or directors who were conscious of Plaintiff's complaints and rights under the FEHA, but disregarded those rights and acted with the intent to cause Plaintiff injury by terminating Plaintiff's employment. Defendants' disregard of Plaintiff's statutory rights is in violation of statute and public policy and would be looked down on and despised by reasonable persons.

66.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

67.     As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

**EXHIBIT A**

68.     As a direct and proximate result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

69.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents, and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

70.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

*Retaliation for Reporting Illegal Violation*

*Cal. Lab. Code § 1102.5*

*(On Behalf of Plaintiff Against All Defendants)*

71.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

72.     Labor Code section 1102.5(b) provides:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

73.     Defendants employed Plaintiff.

74.     Plaintiff complained to Defendants regarding certain practices by Defendants that Plaintiff reasonably believed were unlawful.

10

**EXHIBIT A**

COMPLAINT

75.     Plaintiff complained about those perceived illegal violations to persons with authority over Plaintiff and other employees of Defendants that had the authority to investigate, discover, or correct those illegal violations.

76.     As a result of the foregoing complaints by Plaintiff, Defendants retaliated against Plaintiff by terminating Plaintiff, rather than taking appropriate actions to investigate or correct the perceived unlawful practices.

77.     Plaintiff was harmed.

78.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

79.     As a proximate result of Defendants' conduct, Plaintiff has incurred and will continue to incur damages in an amount to be proven at trial. These damages include lost income, lost benefits, great anxiety, embarrassment, anger, loss of enjoyment of life, emotional distress, and legal fees and costs in the hiring of legal counsel, all to Plaintiff's damage in an amount according to proof at trial.

80.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each of them, and their agents/employees, managing agents/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

81.     California Labor Code section 1102.5(j) permits the court to award reasonable attorneys' fees to a prevailing Plaintiff. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action.  As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

### FIFTH CAUSE OF ACTION

*Failure to Prevent Discrimination and/or Retaliation in Violation of FEHA*

*(On Behalf of Plaintiff Against All Defendants)*

82.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

83.     Government Code section 12940(k) provides in relevant part:

> It is an unlawful employment practice . . .[f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination[,] harassment [and/or retaliation] from occurring.

84.     Further, case law supports that retaliation, in addition to discrimination and harassment, is a form of discrimination under the FEHA actionable under Government Code section 12940(k).

85.     Defendants failed to take all reasonable steps necessary to prevent discrimination and retaliation against Plaintiff in violation of the FEHA.

86.     Plaintiff suffered and continues to suffer harm as a result of Plaintiff's discharge by Defendants.

87.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

88.     As a direct and proximate result of the aforementioned adverse employment actions by Defendants against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

89.     As a direct and proximate result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at trial.

90.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.  Defendants and each of them, and their agents/employees, managing agents and/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

91.     Government Code section 12965(c)(6) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

### SIXTH CAUSE OF ACTION

*Wrongful Termination in Violation of Public Policy*

*(On Behalf of Plaintiff Against All Defendants)*

92.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

**EXHIBIT A**

forth in this Complaint.

93.     Plaintiff's termination violates fundamental principles of public policy in that there is a substantial and fundamental policy against terminating employees for unlawful purposes, including on account of discrimination or for retaliatory reasons.

94.     Defendants employed Plaintiff.

95.     Defendants terminated Plaintiff in violation of Plaintiff's rights and public policy by terminating him due to race and disability discrimination, and for retaliatory reasons.

96.     Plaintiff was harmed.

97.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

98.     In doing the acts described herein, Defendants deprived Plaintiff of prospective career and employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all State and local laws, procedures and regulations.

99.     As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has sustained substantial losses in earnings and other employment benefits.

100.    As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has suffered and continues to suffer humiliation, and emotional distress; the amount of such damages to be determined by proof at trial.

101.    The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests the following relief:

1.      For an award of compensatory damages, including without limitation lost wages, earnings, benefits, and other compensation, according to proof, as well as damages for emotional distress, loss of enjoyment of life, humiliation, pain and suffering, injury to reputation, embarrassment, fear, anxiety and anguish, according to proof as allowed by law;

**EXHIBIT A**

1       2.       Equitable relief including, but not limited to, reinstatement;

2       3.       For an award of punitive damages as allowed by law;

3       4.       For a declaratory judgment that Defendant has violated California public policy;

4       5.       For an award of prejudgment and post-judgment interest;

5       6.       For an award of reasonable attorneys' fees;

6       7.       For statutory fees and/or penalties;

7       8.       For all costs of suit; and

8       9.       For an award of any other and further legal and equitable relief as the Court deems just and

9 proper.

11 Dated: March 30, 2023            JAURIGUE LAW GROUP

*Michael Jaurigue*

Michael J. Jaurigue, Esq.
S. Sean Shahabi, Esq.
*Attorneys for Plaintiff*
Brandon Joseph

**EXHIBIT A**

COMPLAINT

1

2

### *DEMAND FOR JURY TRIAL*

3

Plaintiff requests a trial by jury as to all causes of action.

4

5

Dated: March 30, 2023                          JAURIGUE LAW GROUP

6

7

8                                              Michael J. Jaurigue
                                               S. Sean Shahabi
9                                              *Attorneys for Plaintiff*
                                               Brandon Joseph
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

**EXHIBIT A**

COMPLAINT

# EXHIBIT 1

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**Civil Rights Department**

**Under the California Fair Employment and Housing Act**

3

**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

Brandon Joseph                                                    CRD No. 202303-20124030

6

Complainant,

7

vs.

8

PEPSICO, INC.
6261 Caballero Blvd

9

Buena Park, CA 90620

10

BOTTLING GROUP, LLC, DBA THE PEPSI
BOTTLING GROUP

11

6261 Caballero Blvd
Buena Park, CA 90620

12

NEW BERN TRANSPORT CORPORATION

13

6261 Caballero Blvd
Buena Park, CA 90620

14

Respondents

15

16

17

**1.** Respondent **PEPSICO, INC.** is an **employer** subject to suit under the California Fair
Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

18

19

**2.**Complainant is naming **BOTTLING GROUP, LLC, DBA THE PEPSI BOTTLING GROUP**
business as Co-Respondent(s).

20

Complainant is naming **NEW BERN TRANSPORT CORPORATION** business as Co-
Respondent(s).

21

22

**3.** Complainant **Brandon Joseph**, resides in the City of **Glendale,** State of **CA.**

23

**4.** Complainant alleges that on or about **March 31, 2021**, respondent took the
following adverse actions:

24

25

**Complainant was discriminated against** because of complainant's disability (physical,
intellectual/developmental, mental health/psychiatric), race (includes hairstyle and hair

26

-1-

27

Date Filed: March 30, 2023

28

CRD-ENF 80 RS (Revised 12/22)

**EXHIBIT A**

1  texture) and as a result of the discrimination was terminated, denied work opportunities or assignments.

2

3  **Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, denied work opportunities or assignments.

4

5  **Additional Complaint Details:** 1.    Respondents hired Complainant ("Brandon Joseph") in the position of Transport Truck Driver from on or about May 31, 2001 until on or about March 31, 2021, when Respondents terminated Complainant.

6

7  2.    Beginning January 2021, Complainant was the subject of a pervasive campaign of discrimination by the newly hired Interim Supervisor Alana Ramos (hereinafter "Ramos"). Complainant was only one of two African American employees working for the department, which was predominantly Hispanic or Caucasian. Ramos targeted Complainant with meritless write ups and rude comments, as well as threats regarding Complainant 's job security.

8

9

10

11  3.    On or about January 7, 2021, Complainant reiterated his concerns about the unsanitary conditions of the equipment that had been reported months ahead to Supervisor Jackie (last name unknown, hereinafter "Jackie"). Alana's first contact with Complainant was aggressive because Alana wanted Complainant  out of the new truck, Complainant  was assigned to drive the new truck by Jackie because of the filth. Alana assumed Complainant took the new truck without permission, although Complainant  had been in it for months per Jackie's assignment. At this time, Jackie had left the department but did not share the details of the position she turned over to Alana, otherwise there would have not been any disputes regarding the truck assignments. Even during Covid-19, Respondents did not take any measures to clean, sanitize, or provide any protective measures to the facility and trucks.

12

13

14

15

16

17  4.    On or about February 13, 2021, Complainant requested sick leave by calling the company's sick line due to having a stress condition as well as diabetes, which the company knew about. Complainant requested one day off, Complainant  also sent Ramos a text message informing her of the same.

18

19

20  5.    Around six days later, on or about February 19, 2021, Complainant called Ramos by phone about a discrepancy in his schedule, as he had previously requested days off from Jackie. Instead of checking the schedule, Ramos became defensive. When he informed her that he would be coming into work the following day after he spoke with his union representative Danny Alverson (hereinafter, "Alverson"), Ramos went off on Complainant , repeatedly telling him, "I'm going to get you!" and "I'm gonna get you watch!", Complainant immediately reported this exchange to Alverson and Pepsi Speak up line, but to the best of Complainant 's knowledge, no remedial action was taken. When Complainant showed up to work, Ramos had another driver scheduled even though Complainant  had notified Ramos

21

22

23

24

25

26                                                        -2-
                                        Complaint – CRD No. 202303-20124030

27  Date Filed: March 30, 2023

28

**EXHIBIT A**

1   he would be coming into work. Ramos was attempting to create new rules that would
2   override and/or ignore the Unions Rule.

3   6.      On or about February 23, 2021, Ramos called a meeting with Complainant and
    Alverson with the intent of writing up Complainant  for a "No call, no show," referring to the
4   February 13, 2021, sick day that Complainant  had been approved for by the company.
    Ramos's attitude toward Complainant again became abrupt, aggressive, sarcastic, and
5   threatening when Complainant presented Ramos with the company procedures and
    guidelines pertaining to requesting sick days off. Complainant attempted to show Ramos his
6   call log records to prove he had called the line to request sick time, Ramos tried to belittle
    Complainant   by saying: "Say it out loud! Repeat the number to me! When Complainant did,
7   Ramos said "Well from now on you call me, if I don't say it's ok then it's a no call, no show".
    Alverson told Ramos she was unable to do that because of the Union rules, Ramos got
8   visibly upset and said in a threatening tone and manner "Don't look at me!".

9   7.      After the February 23, 2021, meeting, Alverson advised Complainant  to call the
    Speak Up line, which is Defendant's phoneline for submitting workplace grievances.
10  Complainant did so.

11  8.      The following month, on or about March 16, 2021, Respondents called Complainant
    into a Zoom meeting, where Ramos, her supervisor Victoria (last name unknown) and
12  Senior Human Resources Manager Kari Brasselero, where they suspended Complainant for
    an alleged wage theft incident regarding a late delivery on March 10, 2021, which was
13  patently false. The same day, Complainant filed a grievance with his union. Nevertheless,
    Complainant did not witness any corrective action to remedy his unjustified suspension nor
14  put a stop to Ramos's pervasive discrimination and retaliation.

15  9.      Additionally, on or about March 31, 2021, Complainant sent a letter to Human
16  Resources chronicling Ramos's persistent discriminatory and retaliatory conduct directed
    against him. Complainant submitted the letter to Human Resources because he had not
17  heard back from anyone regarding the Speak Up report he made.

18  10.     The same day, on March 31, 2021, Complainant was contacted for a Zoom meeting
    and Respondents terminated him, providing the March 10, 2021, incident as their reason for
19  terminating him. However, the March 10, 2021, incident was a pretextual reason, as
    Complainant was wrongfully terminated on the basis of his race, his disability, and in
20  retaliation for his complaints of racial discrimination at the hands of Ramos.

21

22

23

24

25

26                                            -3-
                              Complaint – CRD No. 202303-20124030
27
    Date Filed: March 30, 2023
28

CRD-ENF 80 RS (Revised 12/22)

                                    **EXHIBIT A**

VERIFICATION

I, **Michael Jaurigue**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On March 30, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Glendale, CA**

-4-
Complaint – CRD No. 202303-20124030

Date Filed: March 30, 2023

CRD-ENF 80 RS (Revised 12/22)

**EXHIBIT A**

# EXHIBIT 2

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

March 30, 2023

Michael Jaurigue
Jaurigue Law Group, 300 W. Glenoaks Blvd
Glendale, CA 91202

RE:  **Notice to Complainant's Attorney**
      CRD Matter Number: 202303-20124030
      Right to Sue: Joseph / PEPSICO, INC. et al.

Dear Michael Jaurigue:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

**EXHIBIT A**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                            KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

March 30, 2023

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202303-20124030
      Right to Sue: Joseph / PEPSICO, INC. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

March 30, 2023

Brandon Joseph
300 W. Glenoaks Blvd
Glendale, CA 91202

RE:   **Notice of Case Closure and Right to Sue**
     CRD Matter Number: 202303-20124030
     Right to Sue: Joseph / PEPSICO, INC. et al.

Dear Brandon Joseph:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective March 30, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

**EXHIBIT A**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael J. Jaurigue, Esq. (SBN 208123); S. Sean Shahabi, Esq. (SBN 204710)
JAURIGUE LAW GROUP
300 W Glenoaks Blvd. Suite 300, Glendale, CA 91202

TELEPHONE NO.: (818) 630-7280    FAX NO. (Optional): (888) 879-1697
E-MAIL ADDRESS: michael@jlglawyers.com; sean@jlglawyers.com; service@jlglawyers.com
ATTORNEY FOR (Name): Brandon Joseph

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 W. Civic Center Drive
MAILING ADDRESS: 700 W. Civic Center Drive
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Joseph v. PepsiCo, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2023-01316846-CU-WT-CJC |
| | | JUDGE: <br> DEPT.: Judge David A. Hoffer |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 30, 2023
Michael J. Jaurigue
_____
(TYPE OR PRINT NAME)

▶ *Michael Jaurigue*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**EXHIBIT A**

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FOR COURT USE ONLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
|---|---|
| PLANTIFF: Brandon Joseph | |
| DEFENDANT: Pepsico, Inc. et.al. | **Apr 5, 2023**<br>Clerk of the Superior Court |
| Short Title: JOSEPH VS. PEPSICO, INC. | |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2023-01316846-CU-WT-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>09/06/2023</u> at <u>09:00:00 AM</u> in Department <u>C16</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

| **NOTICE OF HEARING** | Page: 1 |
|---|---|

**EXHIBIT A**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** JOSEPH VS. PEPSICO, INC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2023-01316846-CU-WT-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 04/05/2023. Following standard court practice the mailing will occur at Sacramento, California on 04/06/2023.

Clerk of the Court, by: _____ , Deputy

JAURIGUE LAW GROUP
300 W GLENOAKS BOULEVARD # 300
GLENDALE, CA 91202

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

V3 1013a (June 2004)                    **EXHIBIT A**                    Code of Civil Procedure , § CCP1013(a)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

**EXHIBIT A**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**EXHIBIT A**

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

**EXHIBIT A**

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

**EXHIBIT A**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:      STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                                STATE:            ZIP CODE:<br>TELEPHONE NO.:                       FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>**For your protection and privacy, please press the Clear This Form button after you are done printing this form.** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
      ☐ Under section 1141.11 of the Code of Civil Procedure
      ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date: _____      _____      _____
                                           (SIGNATURE OF PLAINTIFF OR ATTORNEY)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____      _____      _____
                                           (SIGNATURE OF DEFENDANT OR ATTORNEY)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

**EXHIBIT A**